**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIO VILLAMAN-PUERTA, : <br> : <br> Petitioner, : <br> : <br> v. : <br> : <br> UNITED STATES OF AMERICA, : <br> : <br> Respondent. : | Civil Action No. 11-7109 (CCC) <br><br> **OPINION** |

**CECCHI, District Judge:**

*Pro se* Petitioner Mario Villaman-Puerta ("Petitioner"), confined at Moshannon Valley Correctional Center in Philipsburg, Pennsylvania, files the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"), challenging the sentence imposed by this Court on March 12, 2010 for illegal entry by a deported alien. (*U.S. v. Villaman-Puerta*, No. 09-cr-682 (D.N.J. filed Jan. 30, 2009) ("Crim. Dkt.").) At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, to determine if the Motion should be denied because Petitioner is not entitled to relief. For reasons stated below, the Court denies the Motion.

I.   FACTUAL BACKGROUND

Petitioner is a native and citizen of Mexico. (Transcript of Plea Hearing, Crim Dkt. No. 29 ("Transcript"), 9:6). After having been deported from the United States on July 9, 2002, Petitioner illegally reentered the country, and his reentry was discovered by Respondent when Petitioner was arrested on October 30, 2008 by agents of the Drug Enforcement Administration ("DEA"). (*Id.*, 23:1-17; Crim. Dkt. No. 2, Attachment A). Petitioner ultimately pled guilty to one count of illegal

entry. (Crim. Dkt. No. 15). The plea agreement stipulated that Petitioner's recommended offense level would be 13, which resulted in a recommended sentence of 18 to 24 months. (*Id.* at 7).

Importantly, the plea agreement correctly informed Petitioner that "[t]he sentence to be imposed upon [Petitioner] is within the sole discretion of the sentencing judge . . . . This Office cannot and does not make any representation or promise as to what . . . sentence [Petitioner] ultimately will receive." (*Id.* at 2). The agreement further stated that, "[t]his agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties." (*Id.* at 3).

At sentencing, the Honorable Joseph A. Greenaway, Jr., found, by a preponderance of the evidence, the following facts regarding the circumstances of Petitioner's October 30, 2008 arrest[1]: After his arrest by DEA agents, Petitioner consented to a search of a house located at 7306 Cottage Avenue, North Bergen, New Jersey, which was documented as Petitioner's residence. The search revealed that the house was a stash house for illegal drug distribution, and agents recovered $2.7 million in cash and six kilograms of heroin. Based on these findings, the sentencing court, given Petitioner's criminal history, his likelihood of reentering the country if deported again, his prior involvement in drug-related activities, and the inference that he was involved in drug-related activities at the time of his arrest, applied an upward variance and sentenced Petitioner to 75 months imprisonment. (Crim. Dkt. No. 30, 62:1-63:24). Petitioner appealed the sentence to the Third Circuit arguing that the Government indirectly requested an upward variance, thereby breaching the plea agreement, and that the 75-month sentence was substantively unreasonable.

---

[1] All facts found by the sentencing court are contained in the transcript of the sentencing hearing. (Crim. Dkt. No. 30, 56:8-58:19).

(*United States v. Villaman-Puerta*, 10-2061, Opinion (3d Cir. Feb. 16, 2011)). The judgment of the sentencing court was affirmed by the Third Circuit. (Crim. Dkt. No. 33).

Petitioner then filed the instant Motion. Petitioner makes a single claim in the Petition that he received ineffective assistance of counsel during the plea process, because his counsel had allegedly made a promise that he would be sentenced to 18-24 months in jail, and had he known an upward variance was possible, he would not have entered into the plea agreement.

## II. STANDARD OF REVIEW

A prisoner in federal custody under sentence of a federal court "may move the court which imposed the sentence to vacate, set aside or correct the sentence" upon three grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction to impose such sentence"; or (3) "that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

A criminal defendant bears the burden of establishing his entitlement to § 2255 relief. *See U.S. v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). Moreover, as a § 2255 motion to vacate is a collateral attack on a sentence, a criminal defendant "must clear a significantly higher hurdle than would exist on direct appeal." *U.S. v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014) (citing *U.S. v. Frady*, 456 U.S. 152, 166 (1982)). In considering a motion to vacate a defendant's sentence, "the court must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *U.S. v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005) (internal quotation marks and citation omitted). "It is the policy of the courts to give a liberal construction to *pro se* habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). The Court may dismiss the motion without holding an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. *See* 28 U.S.C. § 2255(b);

*Liu v. U.S.*, No. 11–4646, 2013 WL 4538293, at *9 (D.N.J. Aug. 26, 2013) (citing *Booth*, 432 F.3d at 545–46).[2]

### III.   DISCUSSION

The Sixth Amendment guarantees the accused the "right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *Id.* at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. To meet this prong, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors fell "below an objective standard of reasonableness[.]" *Hinton v. Alabama*, 134 S.Ct. 1081, 1083 (2014) (per curiam). To satisfy the prejudice prong, "a defendant need not show that counsel's deficient conduct more likely than not altered the outcome in the case." *Strickland*, 466 U.S. at 693.[3] To establish prejudice, the defendant must show that "there is a reasonable

---

[2]   Respondent filed a Motion to Dismiss in response to Petitioner's Motion. As the Court is denying Petitioner's Motion on Rule 4 screening, the Court does not consider Respondent's Motion to Dismiss and it is denied as moot. The Court also finds that no evidentiary hearing is required as the Court is denying the Motion on the record.

[3]   The reasonable probability standard is less demanding than the preponderance of the evidence standard. *See Nix v. Whiteside*, 475 U.S. 157, 175 (1986); *Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999).

probability that the result of the trial would have been different absent the deficient act or omission." *Hinton*, 134 S.Ct. at 1083.

The same two-part standard is applicable to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). In the plea context, "counsel is required to give a defendant enough information to make a reasonably informed decision whether to accept a plea offer." *United States v. Bui*, 795 F.3d 363, 367 (3d Cir. 2015). The defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *U.S. v. Jesus-Nunez*, 576 F. App'x 103, 106 (3d Cir. 2014) (quoting *Hill*, 474 U.S. at 59).

"Where the voluntariness of the plea is attacked with an assertion that one's counsel or the prosecutor, or both, made an out-of-court arrangement or 'proposition' as to the outcome of a sentence which differs from that pronounced by the court" the need for a subsequent § 2255 evidentiary hearing may be obviated where:

> the plea reception record discloses that (1) the defendant states that no promise, representation, agreement or understanding was made or that none other than that disclosed in open court was made to him by any person prior to the entry of the plea, and (2) the defendant affirmatively states that no out-of-court promise, representation, agreement or understanding required the defendant to respond untruthfully or contrary to the terms thereof in the in-court plea reception proceedings, and (3) that the defendant understands that he may not at a later time contend that any promise, representation, agreement or understanding was made by any person other than that set forth in open court.

*United States v. Valenciano*, 495 F.2d 585, 587–88 (3d Cir. 1974).

Petitioner argues that his guilty plea was not knowingly and voluntarily entered, because he entered into the plea on the counsel's statement that "the Court normally accepts whatever the government recommends 99% of the time." (ECF No. 1-1 at 1). Petitioner further asserts that "Counsel advised Petitioner not to worry because he would definitely be sentenced to whatever

5

the government had agreed upon," (ECF No. 1 at 6), and Petitioner was "assured" by "his counsel and prosecutor" that he would receive 18-24 months, (ECF No. 1 at 5). Petitioner also claims that he "specifically asked his counsel whether the government and the Court had agreed to this deal, [and] counsel responded yes, and also told Petitioner that the Court always go[es] with the government's agreed plea agreement 99% of the time." (ECF No. 1 at 3).

To the extent Petitioner is arguing that the plea was not voluntary in light of an out-of-court promise,[4] given Judge Greenaway's thorough colloquy, an evidentiary hearing is not warranted under *Valenciano*. 495 F.2d at 587-88. At Petitioner's September 14, 2009 plea hearing, Judge Greenaway specifically asked numerous questions and established that Petitioner understood that the plea agreement was not binding on the Court. Among other things Petitioner expressly acknowledged that neither his attorney nor any other person made a promise to him as to the sentence that would be imposed by the Court. (Transcript 10:4-6; 13:6-10). Additionally, Petitioner acknowledged that his counsel had explained a "worst case sentencing scenario with [him]," (Transcript 10:9-11:17 (including statutory maximum of 20 years)). Furthermore, Petitioner expressly denied that there had "been any out-of-court promise, representation, agreement or understanding requiring [him] to respond untruthfully to any of these questions," (Transcript 13:11-14). Finally, Petitioner acknowledged his understanding that he "may not at a later time contend that any promise, representation, agreement, or understanding was made by any person unless it" was set forth at the hearing. (Transcript 13:15-19). Accordingly, the Court finds on the record, denial of Petitioner's motion is appropriate. *See Martinez v. United States*, 411 F.

---

[4] Petitioner repeatedly claims that his counsel stated the Court accepts plea agreements "99% of the time," suggesting this was, in fact, to be understood as a prediction as to the likelihood the Court would accept the agreement, rather than a "promise" a sentence within the agreed to range would be imposed. *See United States v. Hampton*, No. CIV. 13-1173, 2014 WL 317875, at *6 & n.5 (E.D. Pa. Jan. 28, 2014).

6

Supp. 1352, 1359 (D.N.J. 1976) (denying motion under § 2255 without evidentiary hearing as the plea colloquy included the information set forth in *Valenciano*), *aff'd sub nom. Martinez, Appeal of*, 547 F.2d 1162 (3d Cir. 1977).

To the extent Petitioner more generally asserts that had he known the sentencing court would impose a sentence above the agreed-to range, he would not have entered into the agreement, this argument is unavailing. The law requires the Court to analyze counsel's performance in assisting Petitioner to reach a knowing and voluntary plea agreement *at the time of the plea*; the law does not engage in hindsight analysis into what Petitioner would have done after knowing the result of sentencing. *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"); *Premo v. Moore*, 562 U.S. 115, 132 (2011) ("Hindsight and second guesses are also inappropriate, and often more so, where a plea has been entered without a full trial or, as in this case, even before the prosecution decided on the charges"); *U.S. v. Calcagni*, 568 F. App'x 158, 162 (3d Cir. 2014) (citing *Strickland*, 466 U.S. at 689); *Scurry v. U.S.*, No. 14-7934, 2015 WL 505901, at *3 (D.N.J. Feb. 6, 2015) ("Petitioner's entire attack on the pleading process is limited to his self-serving hindsight observation that he followed his counsel's 'ill advice.' That observation, however, neither establishes nor even suggests that Petitioner's plea was not knowing, intelligent and voluntary").

The Court finds counsel's advice reasonable. It is true that under ordinary circumstances, courts may accept plea recommendations at face value. Nevertheless, that Petitioner took the plea recommendation as a "promise" that a specific sentence would be imposed is not supported by the record as set forth above. "[A]n erroneous sentencing prediction by counsel is not ineffective

assistance of counsel where . . . an adequate plea hearing was conducted." *Bui*, 795 F.3d at 367 (quoting *U.S. v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007)).

Indeed, both in the plea agreement itself and during the plea colloquy, Petitioner was explicitly notified that the sentencing court was not a party to the plea agreement, and therefore was not bound by its recommendations. Under these facts, this Court cannot find that counsel's assistance was objectively unreasonable.

## IV.    CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED without prejudice, and Respondent's Motion to Dismiss is DENIED as moot.

**Claire C. Cecchi, U.S.D.J.**

Dated: February 2, 2017